# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERILYN H. SILVER,

    Plaintiff,

vs.                                                                                                                      No. CIV 98-0454 JC/LFG

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

At a telephonic status conference held on April 29, 1999, the Court *sua sponte* raised the issue of whether the Court has subject matter jurisdiction over Plaintiff's claims. Plaintiff seeks to enjoin the Internal Revenue Service ("IRS") from its plans to levy against Plaintiff's assets. Plaintiff also seeks damages from the United States of America for fraud and intentional infliction of emotional distress. Plaintiff claims that any debts she may have owed the IRS were discharged in bankruptcy in 1997.

I do not have subject matter jurisdiction over Plaintiff's wrongful levy action by the plain language of 26 U.S.C. §§ 7421 and 7426. Section 7421 prohibits suits to restrain collection of taxes unless one of the enumerated exceptions applies. The wrongful levy action of Section 7426 is available only to third parties, not the taxpayer. Plaintiff has not identified any other statutory exception that might apply. Plaintiff's remaining claims for injunctive relief are similarly barred by the anti-injunction provisions of 26 U.S.C. § 7421.

Plaintiff claims that the automatic stay provisions in the Bankruptcy Code, 11 U.S.C. § 362, provide her with relief. Plaintiff is mistaken. Plaintiff's complaint, on its face, states that she has

received a discharge in her bankruptcy action. The automatic stay of Section 362 terminates upon discharge. *See I.C.C. v. Holmes Transp., Inc.*, 931 F.2d 984, 987 (1st Cir. 1991); *In re Weathers*, 15 B.R. 945 (Bankr. Kan. 1981). However, I note that upon discharge, the automatic stay of Section 362 is replaced by the permanent injunction provisions of 11 U.S.C. § 524(a). *See Green v. Welsh*, 956 F.2d 30, 32 (2d Cir. 1992). To the extent that Plaintiff has any remedies available for the alleged violation of the permanent injunction entered by the Bankruptcy Court, she should seek to re-open her bankruptcy action or otherwise seek relief from that court.

Plaintiff seeks damages in her remaining claims against the United States. The United States, as a sovereign, is immune from suit except where Congress has consented to allow the United States to be sued. *See Stubbs v. United States*, 620 F.2d 775, 779 (10th Cir. 1980). Congress has expressly refused to consent to tort claims arising out of the collection of taxes. *See* 28 U.S.C. § 2680(c). Therefore, I have no jurisdiction over these claims.

Wherefore,

**IT IS ORDERED** that Plaintiff's complaint is dismissed without prejudice.

DATED this 3rd day of May, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Plaintiff *pro se* :   Jerilyn H. Silver
                        Santa Fe, New Mexico

Counsel for Defendants:   Jon E. Fisher
                          Tax Division, U. S. Department of Justice
                          Dallas, Texas